Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL IX

| | | |
|---|---|---|
| EVELYN GARCÍA RODRÍGUEZ<br><br>Recurrida<br><br>v.<br><br>WALGREENS OF PUERTO RICO, INC.<br><br>Peticionario | TA2025CE00905 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Ponce<br><br>Caso número: PO2025CV00039<br><br>Sobre: Despido Injustificado (Ley 80) |

Panel integrado por su presidenta, la juez Brignoni Mártir, el juez Salgado Schwarz y la juez Aldebol Mora.

Aldebol Mora, Juez Ponente

# RESOLUCIÓN

En San Juan, Puerto Rico, a 7 de enero de 2026.

Comparece la parte peticionaria, Walgreens of Puerto Rico, Inc., mediante la *Petición de Certorari* de epígrafe y nos solicita que revoquemos dos dictámenes interlocutorios; a saber, una *Orden* emitida y notificada por el Tribunal de Primera Instancia, Sala Superior de Ponce, el 4 de diciembre de 2025 y una *Resolución Interlocutoria* emitida y notificada por dicho foro el 11 de diciembre de 2025.

Mediante la *Orden* recurrida, el foro primario modificó una *Orden* emitida con anterioridad, mediante la que había ordenado la producción de unas notas psicoterapéuticas correspondientes a la recurrida, Evelyn García Rodríguez, que se encontraban en poder de la Dra. Natalia Portalatín. Así también, en virtud de la *Resolución Interlocutoria* recurrida, el foro *a quo* declaró No Ha Lugar la solicitud de Walgreens de que se eliminen las alegaciones de daños emocionales formuladas por la recurrida.

Por los fundamentos que se exponen a continuación, se desestima el recurso ante nos por falta de jurisdicción. Veamos.

**I**

El 8 de enero de 2025, Evelyn García Rodríguez (García Rodríguez o la recurrida) presentó una *Querella* sobre despido injustificado, al amparo de la *Ley de indemnización por despido sin justa causa,* Ley Núm. 80 de 30 de mayo de 1976, según enmendada, 29 LPRA sec. 185a *et seq.*, y discrimen en el empleo por falta de acomodo razonable, de conformidad con la *Ley contra el discrimen en el empleo,* Ley Núm. 100 de 30 de junio de 1959, según enmendada, 29 LPRA sec. 146 *et seq.*, en contra de Walgreens of Puerto Rico, Inc. (Walgreens o parte peticionaria).[1] La referida causa de acción fue instada al amparo del procedimiento sumario de la *Ley de Procedimiento Sumario de Reclamaciones Laborales*, Ley Núm. 2 de 17 de octubre de 1961, según enmendada, 32 LPRA sec. 3118 *et seq.*

Por su parte, el 14 de febrero de 2025, Walgreens presentó un escrito de *Contestación a Querella.*[2] Esencialmente, la parte peticionaria alegó que el despido de la recurrida fue con justa causa. Esto, debido a que incurrió en actuaciones que reflejaron un patrón de violaciones a la política de descuentos de empleados.

El 22 de febrero de 2025, García Rodríguez solicitó autorización al foro primario para enmendar la *Querella.*[3] El foro primario, por su parte, autorizó la enmienda solicitada.[4] En consecuencia, el 28 de febrero de 2025, Walgreens presentó una *Contestación a Querella Enmendada.*[5]

---

[1] Entrada núm. 1 del caso núm. PO2025CV00039 del SUMAC.
[2] Entrada núm. 3 del caso núm. PO2025CV00039 del SUMAC.
[3] Entrada núm. 10 del caso núm. PO2025CV00039 del SUMAC.
[4] Entrada núm. 12 del caso núm. PO2025CV00039 del SUMAC.
[5] Entrada núm. 14 del caso núm. PO2025CV00039 del SUMAC.

Luego de una serie de incidencias procesales, y en lo pertinente al caso ante nos, el 25 de noviembre de 2025, Walgreens presentó una *Urgente Solicitud para que se dicte Orden a la Dra. Natalia Portalatín Rodríguez para la Producción de Expedientes Médicos y Notas Psicoterapéuticas*.[6] Mediante la referida petición, manifestó que, el 3 de julio de 2025, García Rodríguez suscribió ante Notario Público una Autorización para la Producción de Expediente Médico y una segunda Autorización separada para la Producción de Notas Psicoterapéuticas. Mediante estas, autorizó expresamente a la Dra. Natalia Portalatín (doctora Portalatín) a producir, para beneficio de Walgreens, los récords médicos y las notas psicoterapéuticas que obran en el expediente clínico de la recurrida. De este modo, la urgente solicitud instada por la parte peticionaria respondió a que la doctora Portalatín indicó que no produciría la referida información a menos que el foro *a quo* así se lo ordenara.

Como consecuencia de lo anterior, el 26 de noviembre de 2025, el foro primario emitió una *Orden* que notificó el 1 de diciembre de 2025.[7] Mediante esta, declaró Ha Lugar la solicitud de Walgreens y ordenó la producción del expediente médico y las notas psicoterapéuticas.

Posteriormente, el 4 de diciembre de 2025, la recurrida presentó un escrito que tituló *Moción Urgente en Oposición al Contenido de la Orden para la Divulgación de las Notas Psicoterapéuticas por ser Contraria a Derecho*.[8] En esencia, García Rodríguez objetó la producción de las notas psicoterapéuticas, fundamentado en que su producción no está permitida bajo la Constitución de los Estados Unidos. Ello, por tratarse de información de naturaleza privilegiada.

---

[6] Entrada núm. 126 del caso núm. PO2025CV00039 del SUMAC.
[7] Entrada núm. 128 del caso núm. PO2025CV00039 del SUMAC.
[8] Entrada núm. 131 del caso núm. PO2025CV00039 del SUMAC.

Tras evaluar la postura de García Rodríguez, el 4 de diciembre de 2025, el foro primario emitió y notificó la *Orden* recurrida,[9] en la que modificó el dictamen previo. En específico, expresó lo siguiente: "Se enmienda dicha orden para eliminar la producción de las Notas Psicoterapéuticas conforme a la solicitud de la parte querellante".

Por su parte, el 8 de diciembre de 2025, la parte peticionaria instó una *Moción para la Eliminación de las Alegaciones de Daños Emocionales de la Querella Enmendada.*[10] Mediante el referido escrito, argumentó que García Rodríguez colocó en controversia su estado emocional al reclamar daños emocionales. De este modo, cuestionó el que esta reclamase incorrectamente la aplicabilidad del privilegio psicoterapeuta-paciente. Así, la parte peticionaria manifestó que quedó impedida de acceder, mediante el descubrimiento de prueba, a información que le resulta esencial y pertinente para preparar su caso.

Luego de evaluar la postura de Walgreens, el 11 de diciembre de 2025, el foro *a quo* emitió y notificó la *Resolución Interlocutoria* recurrida.[11] En virtud del referido dictamen, declaró No Ha Lugar la *Moción para la Eliminación de las Alegaciones de Daños Emocionales de la Querella Enmendada.*

En desacuerdo, el 15 de diciembre de 2025, Walgreens acudió ante nos mediante el recurso de epígrafe y adujo que el foro *a quo* cometió los siguientes errores:

> Erró el TPI al actuar sin jurisdicción al atender y acoger una moción de "Oposición a Contenido de Orden" que era claramente una solicitud de reconsideración que no está permitida bajo la Ley 2.

> Erró el TPI al modificar la orden originalmente emitida y no autorizar la producción de las notas psicoterapéuticas de la querellante-recurrida por ser pertinentes a la reclamación de daños emocionales.

---

[9] Entrada núm. 132 del caso núm. PO2025CV00039 del SUMAC.
[10] Entrada núm. 133 del caso núm. PO2025CV00039 del SUMAC.
[11] Entrada núm. 134 del caso núm. PO2025CV00039 del SUMAC.

En la alternativa, erró el TPI al no eliminar las alegaciones de daños emocionales de la querellante-recurrida.

Evaluado lo anterior, le ordenamos a la recurrida expresarse en cuanto a los méritos del recurso, dentro de un término de diez (10) días. Así las cosas, el 2 de enero de 2026, García Rodríguez presentó una *Moción en Cumplimiento de Orden*, en la que esencialmente planteó que el dictamen interlocutorio recurrido no se encuentra dentro del margen de excepción establecido por nuestro ordenamiento jurídico. En consecuencia, afirmó que no es susceptible de revisión por parte de este Foro, mediante el recurso discrecional de *certiorari*. Por su parte, el 5 de enero de 2026, Walgreens presentó una moción, mediante la cual solicitó el desglose de la Moción en Cumplimiento de Orden instada por García Rodríguez, debido a su presentación tardía.

Con el beneficio de la comparecencia de las partes, procedemos a disponer del recurso de epígrafe.

**II**

**A**

La jurisdicción es el poder o autoridad que posee un tribunal para considerar y decidir un caso o controversia. *Fideicomiso de Conservación de Puerto Rico y Para la Naturaleza, Inc. v. ELA*, 211 DPR 521, 529 (2023); *MCS Advantage, Inc. v. Fossas Blanco*, 211 DPR 135, 144 (2023); *Cobra Acquisitions, LLC. v. Municipio de Yabucoa* 210 DPR 384, 394 (2022). Nuestro Tribunal Supremo ha reiterado que los tribunales debemos ser fieles guardianes de nuestra jurisdicción y que no tenemos discreción para asumir jurisdicción allí donde no la hay. Es decir, la jurisdicción incide directamente sobre el poder mismo para adjudicar una controversia. *Allied Management Group, Inc. v. Oriental Bank*, 204 DPR 374, 386 (2020); *S.L.G. Szendrey-Ramos v. F. Castillo*, 169 DPR 873, 882 (2007). En consecuencia, les corresponde a los foros adjudicativos

examinar su propia jurisdicción. *S.L.G. Szendrey-Ramos v. F. Castillo.,* supra, pág. 883.

La falta de jurisdicción tiene las consecuencias siguientes: (1) no es susceptible de ser subsanada; (2) las partes no pueden voluntariamente conferírsela a un tribunal, como tampoco puede este arrogársela; (3) conlleva la nulidad de los dictámenes emitidos; (4) impone a los tribunales el ineludible deber de auscultar su propia jurisdicción; (5) impone a los tribunales apelativos el deber de examinar la jurisdicción del foro de donde procede el recurso, y (6) puede presentarse en cualquier etapa del procedimiento, a instancia de las partes o por el tribunal *motu proprio. S.L.G. Solá-Moreno v. Bengoa Becerra,* 182 DPR 675, 682 (2011)*.* Por tanto, cuando este Foro carece de jurisdicción, "procede la inmediata desestimación del recurso apelativo [...]". *S.L.G. Szendrey-Ramos v. F. Castillo,* supra, pág. 883.

**B**

El *certiorari* es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar discrecionalmente una decisión de un tribunal de menor jerarquía. *Rivera et al. v. Arcos Dorados et al.,* 212 DPR 194 (2023); *Torres González v. Zaragoza Meléndez,* 211 DPR 821 (2023); *Caribbean Orthopedics v. Medshape et al.,* 207 DPR 994, 1004 (2021). En lo sustantivo, se le considera un recurso extraordinario, mediante el cual un foro revisor está facultado para enmendar los errores que cometió el foro revisado, cuando "el procedimiento adoptado no esté de acuerdo con las prescripciones de la ley". Artículo 670 del Código de Enjuiciamiento Civil, 32 LPRA sec. 3491.

En cuanto al aspecto procesal de este recurso extraordinario, como regla general, es la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1 la disposición legal que codifica la revisión de los dictámenes interlocutorios del Tribunal de Primera Instancia.

Asimismo, en tales supuestos, es aplicable la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, en la medida que esta dispone los criterios que este Foro debe considerar para ejercer sabia y prudentemente su decisión de atender o no las controversias ante sí. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 96-97 (2008). Véase, además, *BPPR v. SLG Gómez-López*, 213 DPR 314 (2023); *Rivera et al. v. Arcos Dorados et al.*, supra; *Pueblo v. Rivera Montalvo*, 205 DPR 352, 372 (2020).

No obstante, como veremos a continuación, la normativa antes reseñada no es de aplicabilidad a las querellas presentadas al amparo del procedimiento sumario codificado en la *Ley de Procedimiento Sumario de Reclamaciones Laborales*, Ley Núm. 2 de 17 de octubre de 1961, según enmendada, 32 LPRA sec. 3118 *et seq.* Esta ley dispone un procedimiento de naturaleza sumaria para aquellos casos que versen sobre reclamaciones de una persona obrera o empleada en contra de su patrono, referentes a cualquier derecho o beneficio, o cualquier suma por concepto de compensación por trabajo o labor realizados, o en ocasión a un despido de su empleo, sin justa causa. Todo esto, en aras de abreviar los trámites pertinentes a estas, de manera que resulte en un proceso menos oneroso para la persona trabajadora. 32 LPRA sec. 3118. Véase, además, *Peña Lacern v. Martínez Hernández*, 210 DPR 425, 434 (2022); *León Torres v. Rivera Lebrón*, 204 DPR 20, 30-31 (2020); *Ruiz Camilo v. Trafon Group, Inc.*, 200 DPR 254, 264-265 (2018).

El alcance de la Ley Núm. 2, *supra*, se extiende a varios estatutos laborales, entre estos, las querellas sobre salarios, beneficios y derechos laborales. *Ruiz Camilo v. Trafon Group, Inc.*, supra, pág. 265. Es importante resaltar que la naturaleza de esta reclamación exige celeridad en su trámite para, así, cumplir con el fin legislativo de proteger el empleo, desalentar los despidos

injustificados y proveer a la persona obrera despedida suficientes recursos económicos entre un empleo y otro. *León Torres v. Rivera Lebrón*, supra.

Nuestro Tribunal Supremo ha reiterado que la naturaleza sumaria de la Ley Núm. 2, *supra*, constituye una característica esencial que, tanto las partes como los tribunales, deben respetar. *Ruiz Camilo v. Trafon Group, Inc.,* supra. De modo cónsono con lo anterior, nuestro más Alto Foro estableció que la revisión de resoluciones interlocutorias es contraria al carácter sumario del procedimiento y que, debido a ello, los tribunales apelativos debemos autolimitar nuestra facultad al efecto. *Dávila, Rivera v. Antilles Shipping, Inc.*, 147 DPR 483, 496 (1999). En consecuencia, la parte que pretenda impugnar tales resoluciones interlocutorias deberá esperar hasta la sentencia final e instar contra ella el recurso pertinente, a base del alegado error cometido. *Íd.,* pág. 497.

Sin embargo, dicha norma no es absoluta y cede en aquellos casos en que alguna resolución sea dictada sin jurisdicción por el Tribunal de Primera Instancia o en aquellos casos extremos en los cuales los fines de la justicia requieran la intervención del foro apelativo. A modo de excepción, los tribunales apelativos deben mantener y ejercer su facultad para revisar mediante *certiorari* aquellas resoluciones interlocutorias dictadas en un procedimiento sumario, tramitado según la Ley Núm. 2, *supra*, en aquellos casos extremos en que la revisión inmediata, en esa etapa, disponga del caso en forma definitiva o cuando dicha revisión inmediata tenga el efecto de evitar una grave injusticia. Véase, *Díaz Santiago v. Pontificia Universidad Católica de Puerto Rico*, 207 DPR 339, 349 (2021); *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 730 (2016); *Dávila, Rivera v. Antilles Shipping, Inc.*, supra, pág. 498.

A la luz de la normativa antes expuesta, procedemos a disponer del caso ante nuestra consideración.

**III**

Tal y como reseñáramos, nuestra intervención apelativa con las determinaciones interlocutorias del foro primario en procesos incoados al amparo del procedimiento sumario para casos laborales codificado en la Ley Núm. 2, *supra*, es de carácter excepcional, por resultar contraria al carácter expedito de dicha legislación laboral. Para superar tal limitación a nuestra facultad revisora, es ineludible primero auscultar si acontecen algunas de las situaciones excepcionales que nos permitirían intervenir con el proceso expedito que dispone el citado estatuto. A tales efectos, precisa enfatizar que nos corresponde examinar si: (1) el foro primario actuó sin jurisdicción; (2) la revisión inmediata dispone del caso por completo; o (3) cuando la revisión tenga el efecto de evitar una grave injusticia.[12]

En el caso de autos, Walgreens solicita nuestra intervención para revocar dos dictámenes interlocutorios. El primero de estos, una *Orden* mediante la cual el foro primario modificó una *Orden* previa en la que había ordenado la producción de unas notas psicoterapéuticas correspondientes a la recurrida, en poder de la doctora Portalatín. Así también, una *Resolución Interlocutoria,* en virtud de la cual el foro *a quo* declaró No Ha Lugar una solicitud de Walgreens de que se eliminasen las alegaciones de daños emocionales formuladas por la recurrida en la *Querella* de epígrafe.

De una revisión de ambos dictámenes recurridos, no cabe duda de que nos encontramos ante determinaciones de naturaleza interlocutoria. Por otro lado, tampoco se encuentra presente alguna de las circunstancias excepcionales que podrían dar paso, en esta

---

[12] Véase, *Díaz Santiago v. Pontificia Universidad Católica de Puerto Rico*, 207 DPR 339, 349 (2021).

etapa de los procedimientos, a nuestra intervención en un caso incoado al amparo de la Ley Núm. 2, *supra*.[13]

En mérito de lo anterior, es forzoso concluir que el dictamen interlocutorio recurrido no se encuentra dentro del margen de excepción establecido por nuestro ordenamiento jurídico. En consecuencia, conforme a la normativa laboral aplicable, este no es susceptible de revisión por parte de este Foro, mediante el recurso extraordinario discrecional de *certiorari*. Así, por carecer de jurisdicción para atender la *Petición de Certiorari* ante nos, procede su desestimación, de conformidad con la Regla 83(C) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 83(C).[14]

**IV**

Por los fundamentos que anteceden, se desestima la *Petición de Certiorari* de epígrafe, por falta de jurisdicción.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[13] *Id.*

[14] La referida disposición establece lo siguiente: "El Tribunal de Apelaciones, a iniciativa propia, podrá desestimar un recurso de apelación o denegar un auto discrecional por cualquiera de los motivos consignados en el inciso (B) precedente. […]". Asimismo, reseñamos que la Regla 83 (B)(1) dispone lo siguiente: "Una parte podrá solicitar en cualquier momento la desestimación de un recurso por los motivos siguientes: (1) que el Tribunal de Apelaciones carece de jurisdicción […]".